IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:24-CV-00625-KDB-DCK

| | |
|---|---|
| JACQUES CLARK,<br><br>Plaintiff,<br><br>v.<br><br>RESIDENCE INN AND<br>PEACHTREE HOTEL GROUP,<br><br>Defendants. | **ORDER** |

**THIS MATTER** is before the Court on Defendants' Motion to Dismiss Plaintiff's Complaint (Doc. No. 17). Defendants' motion was filed on October 25, 2024. When the pro se Plaintiff did not file a timely response, the Court issued a Roseboro Order on December 4, 2024, informing Plaintiff that in the absence of a response the Court would move forward with ruling on the motion, which might result in the dismissal of his claims. The Roseboro Order was mailed to Plaintiff's last known address on file with the Court but was returned as undeliverable on December 27, 2024. It is now over four months past the filing of the motion, and Plaintiff has not responded. Therefore, the Court will move forward in ruling on the motion.

Having carefully considered the motion and Defendants' memorandum in support, the Court will **GRANT** the motion. Plaintiff is a former employee at the Residence Inn Southpark in Charlotte, North Carolina. Plaintiff's Complaint alleges the following causes of action against Defendants: (1) discrimination and retaliation pursuant Title VII of the Civil Rights Act of 1964 ("Title VII"); (2) discrimination and retaliation pursuant Americans with Disabilities Act of 1990 ("ADA"); and (3) sexual harassment pursuant Title VII. (Doc. No. 1 at p. 3).

1

With respect to Plaintiff's Title VII claims of sex discrimination and sexual harassment, Plaintiff's EEOC Charge failed to include any allegations related to those claims. Therefore, he has not properly exhausted his administrative remedies with respect to his Title VII claims and those claims will be dismissed. Plaintiff's ADA claims also cannot proceed. While Plaintiff alleges that he was in a wheelchair due to being in a car accident, he has failed to identify what accommodation he needed to do his job and why such an accommodation was not provided. Indeed, Plaintiff failed to allege facts that establish that he even requested an accommodation. Thus, taking all allegations included in the Complaint as true, pursuant the Rule 12(b)(6) standard, Plaintiff's ADA claims cannot survive a motion to dismiss.[1]

## ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Defendants' Motion to Dismiss (Doc. No. 17) is **GRANTED without prejudice**; and

2. The Clerk is directed to close this matter in accordance with this Order.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: February 4, 2025

Kenneth D. Bell
United States District Judge

---

[1] However, based on the absence of a response from Plaintiff and the fact that the Court's Roseboro Order was undeliverable, the Court will grant the motion to dismiss without prejudice.